IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TITUS THOMAS, #287141       *
    Plaintiff,
                                *
v.                                    CIVIL ACTION NO. AW-10-1478
                                *
SGT. MIDDLETON, et al.
    Defendants.       *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TITUS THOMAS, #287141       *
    Plaintiff,
                                *
v.                                    CIVIL ACTION NO. AW-10-1491
                                *
SGT. MIDDLETON, et al.,
    Defendants.       *
                                ***

## **MEMORANDUM**

Titus Thomas (AThomas@), an inmate confined at the Western Correctional Institution ("WCI") in Cumberland, Maryland, filed a Complaint on June 3, 2010. He raises allegations that Defendants, who are WCI officers and inmates, knowingly and willingly participating in a "premeditated murder for hire conspiracy at this institution WCI against his life." *See Thomas v. Middleton, et al.*, Civil Action No. AW-10-1478 (D. Md.) Thomas complains that there is a "hit" written in his base file and that staff members, along with the aid and collaboration of inmates/known gang members are engaging in "psychological warfare" against him. ECF No. 1. He seeks $613,000.00 in damages.

On that same day, Thomas filed a second Complaint, also raising conspiracy claims against correctional officers for participating in a "collaborated hit within the DOC against his life." *See Thomas v. Middleton, et al.*, Civil Action No. AW-10-1491 (D. Md.)

Because the two complaints raise similar allegations of wide-ranging conspiracy among correctional employees, the matters shall be consolidated for dispositive purposes.[1] Pending before the court is Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and Thomas's Cross-Motion for Summary Judgment. ECF Nos. 8 & 10 in . *Thomas v. Middleton, et al.,* Civil Action No. AW-10-1478 (D. Md.). In *Thomas v. Middleton, et al.,* Civil Action No. AW-10-1491 (D. Md.), Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, to which Thomas filed a Cross-Motion for Summary Judgment. ECF Nos. 9 & 13. The consolidated case is ready for consideration and may be determined without oral hearing. *See* Local Rule 105.6. (D. Md.).

Background

As recounted by this Court in the Memorandum dismissing Plaintiff's previously-filed civil rights cases,[2] Thomas's claims that correctional personnel at various institutions were conspiring to kill him were referred to the Department of Public Safety and Correctional Services Internal Investigative Unit ("IIU") for investigation. After a four- month investigation in which each named alleged conspirator and inmate was interviewed and medical records, adjustment records, transfer records, administrative remedy requests, and the like were reviewed, in December of 2009, the investigator concluded that there was no evidence that any staff or inmates were conspiring to "do or procure any plan to do harm to inmate Titus Thomas" *See Thomas v. Huknelis*, Civil Action No. AW-09-1984 (D. Md.). The medical records reviewed during the internal investigation, and

---

[1] On October 8, 2010, Thomas filed a "Motion for the Court Guidance." ECF No. 12 in Civil Action No. AW-10-1494. He seeks guidance as to whether the two cases have been consolidated for all purposes. On November 15, 2010, Thomas filed a "Motion to Relate," asking that the two cases be consolidated. ECF No. 12 in Civil Action No. AW-10-1478. The Motions shall be dismissed as moot.

[2] *See* ECF Nos. 50 & 51, *Thomas v. Bell*, Civil Action No. AW-08-2156 (D. Md. 2008).

attached thereto, indicate that Thomas suffers from "fixed paranoid delusion." *Id*., ECF No. 18, Ex. A, p. 22.

The materials submitted show that Thomas was placed on WCI administrative segregation on February 19, 2010, pending an investigation into earlier claims that his life was in danger. He was interviewed by a case management team and was evasive and failed to provide any tangible evidence in support of his claims. He was removed from administrative segregation on February 24, 2010. Defendants claim that Thomas has never properly exhausted his administrative remedies with regard to his conspiracy allegations concerning a "hit" on his life. *See Thomas v. Middleton, et al.,* Civil Action No. AW-10-1494, ECF No. 9, Ex. A. His claims have been investigated by the WCI Investigative Unit and the IIU. Both Units have found Thomas's claims to be un-substantiated.

Standard of Review

Fed. R. Civ. P. 56(c) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

AThe party opposing a properly supported motion for summary judgment >may not rest upon the mere allegations or denials of [his] pleadings,= but rather must >set forth specific facts showing that there is a genuine issue for trial.=@ *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should

3

"view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

A. Exhaustion

The Court must first examine Defendants' assertion that Thomas's case should be dismissed in its entirety due to his failure to fully exhaust available administrative remedies. The Prison Litigation Reform Act ("PLRA") generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations. His Complaint must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*,

286 F.Supp.2d 523, 528 (D. Md. 2003).[3]

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the Administrative Remedy Procedure (AARP@) process provided by the Division of Correction to its prisoners. If this request is denied, the prisoner has ten calendar days to file an appeal with the Commissioner of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office (AIGO@). *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

The record is clear that Thomas did not exhaust his administrative remedies regarding his DOC-wide conspiracy claims. Thomas did file an ARP at the institutional level regarding the alleged conspiracy, but failed to seek review to Headquarters or to the IGO. The Court observes, however, that an internal investigation into his claims was ordered. This appears to have taken this claim out of the typical administrative remedy process.[4] Consequently, the Complaint shall not be dismissed for the failure to exhaust.

B.  Conspiracy

As noted above, as a result of Thomas's repeated allegations of conspiracy amongst correctional staff throughout the DOC, an internal investigation was ordered. The investigative

---

[3] The PLRA=s exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *See Chase*, 582 F.Supp.2d at 530; *see also Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner=s lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP=s grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner=s claim for failure to exhaust where he Anever sought intermediate or full administrative review after prison authority denied relief@); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings Ato the highest possible administrative level@); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

[4] The DOC does not permit prisoners to pursue ARP claims for matters referred to the IIU. *See Davis v. Rouse,* WDQ-08-3106, ECF No. 23, Ex. B-1.

officer interviewed each named correctional employees as well as inmates alleged by Thomas to be participants in the conspiracy. Thomas was also interviewed and his institutional records scrutinized. Many of the correctional employees had no knowledge of Thomas. Others knew Thomas simply by being assigned to the same housing unit. Still others recalled specific issues with Thomas such as writing him an infraction. Each individual denied conspiring to cause Thomas harm. Likewise, the inmates interviewed denied any knowledge of a conspiracy to solicit other inmates to harm Thomas. *See See Thomas v. Huknelis*, Civil Action No. AW-09-1984 (D. Md.), ECF No. 18, Ex. A. Simply stated, no evidence was adduced to substantiate Thomas's claim. To the contrary, Thomas's medical records suggest that he suffers from paranoia and delusions. *Id*.

To establish a civil conspiracy under § 1983, Thomas must present evidence that Defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). An essential element for a claim of conspiracy to deprive Thomas of a constitutional right is an agreement to do so among the alleged co-conspirators. *See Ballinger v. N.C. Agric. Extension Serv.*, 815 F.2d 1001, 1006-07 (4th Cir. 1987). Without an agreement, the independent acts of two or more wrongdoers do not amount to a conspiracy. *See Murdaugh Volkswagon v. First Nat. Bank of South Carolina*, 639 F.2d 1073, 1075-76 (4th Cir. 1981). Thomas must allege facts establishing that Defendants shared a "unity of purpose or a common design" to injure him. *Am. Tobacco Co. v. United States*, 328 U.S. 781, 809-10 (1946). A conclusory allegation of a conspiracy such as is made in this case is insufficient to state a claim. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (unsupported claim of conspiracy to issue false disciplinary reports fails to state claim); *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) (Aallegations of conspiracy…must be pled with sufficient specificity and factual support to suggest a meeting of the minds.@) (quotation

6

omitted); *Langworthy v. Dean*, 37 F. Supp.2d 417, 424-25 (D. Md.). Thomas has failed to allege facts sufficient to conclude that there was an agreement between any of the named Defendants to deprive him of his constitutional rights.

## Conclusion

Defendants' responsive pleadings, construed as motions for Summary Judgment are granted. Thomas's Cross-Motions for Summary Judgment shall be denied. Judgment shall be entered in favor of Defendants and against Plaintiff. A separate order follows.


Date: <u>November 16, 2010</u>    _____//s//_____
                                   Alexander Williams, Jr.
                                   United States District Judge